IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:13-CV-00255-WO-JLW

| | |
|---|---|
| THOMAS BROWN, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) |
| | ) |
| WESTERN SKY FINANCIAL, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## OMNIBUS MOTION TO DISMISS OF ALL DEFENDANTS

Defendants Western Sky Financial, LLC ("Western Sky"), Payday Financial, LLC ("Payday Financial"), CashCall, Inc. ("CashCall"), John Paul Reddam ("Mr. Reddam"), WS Funding, LLC ("WS Funding") and Delbert Services Corporation ("Delbert") (collectively, "Defendants"), pursuant to the doctrine of *forum non conveniens*, the tribal exhaustion doctrine, the Federal Arbitration Act, and Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure, hereby move to dismiss Plaintiffs' claims against them. The grounds for this Motion are set forth in the accompanying Memorandum of Law, the Declarations of Steve Emery, Tawny Lawrence, and Amanda Ray, and the pleadings and papers previously filed with this Court.

In support of this Motion, Defendants state as follows:

1. Plaintiffs filed this class action suit on March 28, 2013, and served Defendants with the Summons and Complaint on or about April 19, 2013. Dkt. 1, Dkt. 5.

2. On August 13, 2013, Plaintiffs filed their First Amended Complaint. Dkt. 47. After Defendants filed and briefed motions to dismiss the First Amended Complaint, Plaintiffs moved to file a second amended complaint. Dkt. 42. Pursuant to the Stipulated Order

1

Regarding Amended Pleadings entered by the Court on January 17, 2014 [Dkt. 88], with Defendants' consent Plaintiffs filed the Second Amended Complaint on January 23, 2014. Dkt. 89.

3. This is a putative class action brought by seven North Carolina residents who entered into consumer installment loan agreements with a lender, Western Sky, operating on a tribal reservation of the Cheyenne River Sioux Tribe ("CRST") and wholly owned by an enrolled member of the CRST. Each of the loans is governed by a written agreement (collectively, the "Loan Agreements") in which Plaintiffs agreed that any disputes arising from the loans would fall within the exclusive jurisdiction of the CRST's courts, be governed by the CRST's laws, and be resolved through binding arbitration.

4. Defendants WS Funding, CashCall, and Delbert serve various roles related to the loans issued by Western Sky. WS Funding is a subsidiary of CashCall and organized under Delaware law, with its principal place of business in California. WS Funding purchased loans originated by Western Sky pursuant to an assignment agreement between WS Funding and Western Sky under which WS Funding assumed all rights of Western Sky relating to the purchased loans. This assignment agreement is "governed solely by the laws and jurisdiction of the [CRST]" subject to the "sole jurisdiction of the courts of the [CRST] exclusively."

5. Mr. Reddam is the sole owner of CashCall and Delbert. Both entities service loans purchased by WS Funding. CashCall is organized under California law and has its principal place of business there; Delbert is organized under Nevada law and has its principal place of business there.

2

6. Like Western Sky, Payday Financial is also a limited liability company located and operated on the CRST reservation. Payday Financial was once, but is no longer, the sole member of Western Sky. No loans at issue in this action were issued by Payday Financial. Instead, all of the loans upon which Plaintiffs sue were issued by Western Sky.

7. Each of the Loan Agreements contain: (1) a forum-selection clause requiring that all disputes be adjudicated within the exclusive jurisdiction of the CRST Tribal Courts; (2) a choice-of-law clause stating that the Loan Agreements and any disputes arising from them are governed exclusively by CRST law and not by any individual state's law; (3) an arbitration clause broadly providing that any disputes arising from the Loan Agreements will be resolved through binding arbitration or, in some circumstances, litigation in the CRST court system; (4) an opt-out clause allowing each borrower to unilaterally opt-out of arbitration; and (5) a class-action waiver.

8. Accordingly, as more fully set forth in Defendants' supporting Memorandum of Law, the Second Amended Complaints should be dismissed against Defendants because:

    a. The Loan Agreements include a valid and enforceable forum selection clause which mandates that the laws of the CRST govern this dispute, and thus the doctrine of *forum non conveniens* requires dismissal;

    b. Plaintiffs' claims implicate tribal court jurisdiction, yet Plaintiffs have not first sought relief in tribal court before turning to a federal forum, and therefore the tribal exhaustion doctrine requires dismissal; and

c. The Loan Agreements contain an arbitration provision requiring all disputes arising from the Loan Agreements to be arbitrated, and as required by the Federal Arbitration Act this Court should either stay or dismiss this action.

9. In addition, if the Court reaches the merits of Plaintiffs' claim, most of them should be dismissed for failure to state a claim upon which any relief may be granted under Rules 12(b)(6) and 9(b), including Plaintiffs' federal and North Carolina RICO claims, their claims for fraudulent conveyance and civil conspiracy, and Truth in Lending Act and Electronic Fund Transfer Act claims.

WHEREFORE Defendants respectfully request that the Court dismiss all Plaintiffs' claims against them, and award such other relief as the Court deems just and proper.

This the 10th day of February, 2014.

WOMBLE CARLYLE SANDRIDGE & RICE, LLP

/s/ Hayden J. Silver III
Hayden J. Silver III (NC State Bar No. 10037)
Email: jsilver@wcsr.com
Raymond M. Bennett (NC State Bar No. 36341)
Email: rbennett@wcsr.com
Womble Carlyle Sandridge & Rice, LLP
150 Fayetteville Street, Suite 2100
Raleigh, North Carolina 27601
Phone: (919) 755-2188
Fax: (919) 755-6099

JENNER & BLOCK LLP

/s/ Brian J. Fischer
Katya Jestin (NY State Bar No. 2854073)
Neil M. Barofsky (NY State Bar No. 2757946)
Brian J. Fischer (NY State Bar No. 4118568)
Email: bfischer@jenner.com
Jenner & Block LLP
919 Third Avenue

4

New York, New York 10022
Telephone: (212) 891-1629
Facsimile: (212) 891-1699

***Attorneys for Defendants***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing **MOTION TO DISMISS** with the Clerk of Court using the CM/ECF, which will send notification of such filing to the following:

> John S. Hughes
> Wallace and Graham, P.A.
> 525 N. Main St.
> Salisbury, NC 28144
> *Attorney for Plaintiffs*
>
> Mona Lisa Wallace
> Wallace and Graham, P.A.
> 525 N. Main St.
> Salisbury, NC 28144
> *Attorney for Plaintiffs*
>
> Aaron F. Goss
> Wallace and Graham, P.A.
> 525 N. Main St.
> Salisbury, NC 28144
> *Attorney for Plaintiffs*

This the 10th day of February, 2014.

> /s/ Hayden J. Silver III
> Hayden J. Silver III (NC State Bar No. 10037)
> Womble Carlyle Sandridge & Rice, LLP
> 150 Fayetteville Street, Suite 2100
> Raleigh, North Carolina 27601
> Phone: (919) 755-2188
> Fax: (919) 755-6099
> jsilver@wcsr.com
>
> *Attorney for Defendants*